NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

SJC-13657


ADAM HALL, petitioner.


July 31, 2026.


Habeas Corpus.  Practice, Criminal, Postconviction relief.



In 2014, Adam Hall was convicted of four counts of
kidnapping and three counts of murder in the first degree, along
with various other offenses.  On direct appeal, this court
reversed one of the defendant's kidnapping convictions but
affirmed his remaining convictions.  See Commonwealth v. Hall,
485 Mass. 145, 171 (2020).  On June 24, 2024, acting pro se,
Hall filed a petition in the county court entitled "Request for
Supreme Judicial Court to Take Jurisdiction and Permit State
Level Habeas Corpus G. L. c. 248, §§ 1-34 'Unlawful Restraint'
Mass.R.Crim.P. 30(A)."  In his petition, Hall raises
constitutional claims concerning the proceedings that led to his
convictions, alleging that the Commonwealth withheld exculpatory
evidence and engaged in prosecutorial misconduct.  A single
justice of this court denied the petition without a hearing, and
Hall now appeals.[1]

---

[1] The Commonwealth has filed a motion to strike Hall's
appellate brief, on the basis of his failure to comply with
Mass. R. A. P. 16, as appearing in 481 Mass. 1628 (2019).  Hall
has submitted an opposition, as well as a number of additional
filings in which he asserts that, in the event his brief is
stricken, this court must afford him reasonable accommodations
under the Americans with Disabilities Act, 42 U.S.C. §§ 12131 et
seq.  The Commonwealth's motion to strike is hereby denied, and
Hall's motion to file a nonconforming brief is hereby allowed.
At the same time, we deny Hall's motion to strike the

The single justice did not commit a clear error of law or otherwise abuse his discretion in denying the petition. See Betts, petitioner, 496 Mass. 1025, 1026 (2025). As a general matter, "[a] petition for a writ of habeas corpus must be based on grounds distinct from the issues at the indictment, trial, conviction, or sentencing stage of the case" (quotation and citation omitted). Id. Here, Hall's claims center on alleged errors in the criminal proceedings that led to his convictions, for which the appropriate vehicle is a motion under Mass. R. Crim. P. 30, as appearing in 435 Mass. 1501 (2001). See Soura, petitioner, 436 Mass. 1003, 1003 (2002). Hall may not pursue any such rule 30 motion directly in this court, but rather must file it in the Superior Court, given that his convictions of murder in the first degree have already been affirmed on direct appeal. See G. L. c. 278, § 33E (motions for new trial shall be presented to Supreme Judicial Court "until the filing of the rescript" in direct appeal from conviction of murder in first degree); Vinnie v. Superintendent, Mass. Correctional Inst., Norfolk, 482 Mass. 1028, 1028 (2019). Cf. Stewart, petitioner, 411 Mass. 566, 568-569 (1992). Further, Hall may obtain review of the denial of any such rule 30 motion "only if he [is] granted leave by a single justice [of this court] pursuant to the gatekeeper provision of G. L. c. 278, § 33E. He cannot circumvent the gatekeeper provision by filing [a] petition in the county court in the first instance." Tyree v. Commonwealth, 449 Mass. 1034, 1034 (2007), cert. denied, 554 U.S. 926 (2008). See Vinnie v. Commonwealth, 454 Mass. 1016, 1016 n.1 (2009), cert. denied, 558 U.S. 1154 (2010) (decision of single justice, acting as gatekeeper, is final and unreviewable).

Judgment affirmed.

The case was submitted on briefs.
Adam Hall, pro se.
David F. Capeless, Special Assistant District Attorney, for the Commonwealth.

---

Commonwealth's filings as well as his motion to "remove" a special assistant district attorney from this matter. We also decline Hall's request that we "enlarge the record" to consider additional legal issues that were not raised before the single justice. See Ardon v. Committee for Pub. Counsel Servs., 464 Mass. 1001, 1002 n.3 (2012), cert. denied, 571 U.S. 872 (2013).